UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YOUNG HO CHANG,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C06-5646FDB<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

    Petitioner seeks to appeal this Court's denial of his Motion under 28 U.S.C. § 2255. Petitioner argues that his case meets the standard articulated in *Miller-El v. Cockrell*, 537 U.S. 332 (2003) that a certificate of appealability be issued where a petitioner shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 336.

    Petitioner contends that he was denied effective assistance of counsel when his trial counsel did not advise him that, because the restitution amount in the plea agreement was over $10,000, combined with other technicalities, made it almost certain that Petitioner would be deported. This Court concluded that Chang was not prejudiced by counsel's failure because the Court concluded

ORDER - 1

that there was no reasonable probability that a different plea agreement could have been negotiated, because given that the Government alleged a conspiracy that resulted in bank losses of hundreds of thousands of dollars, Chang's plea was a relatively small amount, and it would not have agreed to a restitution amount below $10,000.00.

Chang argues that the issue is whether there was a reasonable probability that but for counsel's incompetence the result of the proceeding would have been different, and that Chang need not show that the deficient conduct more likely than not altered the outcome.

Chang also argues that he should also be allowed to appeal the denial of an evidentiary hearing, where the effect of counsel's incompetence could have been examined.

Chang has not satisfied the standard for obtaining a certificate of appealability in this case. Given the amount of loss at issue and the amount of restitution obtained, which was low indeed compared with the hundreds of thousands of dollars of loss alleged,y and even compared to the $93,000,000.00 that Chang admitted to, no reasonable jurist could conclude that the petition should have been granted, and this Court cannot conclude that Chang should be encouraged to proceed further.

ACCORDINGLY, IT IS ORDERED: Petitioner's Motion for Issuance of A Certificate of Appealability [Dkt. # 11] is DENIED.

DATED this 30th day of March, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2